

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT LEE KIMMELL,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:12-cv-00212-RCJ-VPC

ORDER

    Petitioner has filed a habeas petition without either paying the filing fee or filing an application to proceed *in forma pauperis*. It does not appear from file review that a dismissal without prejudice will materially affect a later analysis of the timeliness issue or other issues in regard to any promptly filed new action.[1] The present improperly-commenced action

---

[1] The papers on file and the online docket records of this Court and the Supreme Court of Nevada reflect the following. The prior procedural history is summarized, with supporting state court record exhibits, in No. 3:11-cv-00311-LRH-WGC, #18.

    Petitioner was convicted in Nevada state court, pursuant to a jury verdict, of burglary. His conviction was affirmed on direct appeal on October 25, 2005. The time for filing a petition for a writ of *certiorari* expired on or about January 23, 2006. On or about April 14, 2006, petitioner mailed a state post-conviction petition to the state district court clerk for filing. The state district court denied relief, and the Supreme Court of Nevada affirmed. The remittitur issued on October 6, 2010.

    Absent tolling or other circumstances overcoming the federal time bar, the one-year federal limitation period would have expired on or about July 18, 2011.

    Petitioner has filed two prior federal petitions, both of which have been dismissed following upon, *inter alia*, a holding that all claims in each case were not exhausted. See No. 3:10-cv-00099-LRH-VPC; No. 3:11-cv-00311-LRH-WGC. The most recent such dismissal was entered, on petitioner's election, on January 30, 2012. The online docket records of the state supreme court do not reflect that petitioner has pursued state judicial remedies through to a proceeding in the state high court since the time of the prior dismissal.

(continued...)

1  therefore will be dismissed without prejudice. The Court notes that the present federal habeas petition is petitioner's third, and he thus should be very well familiar by this point with the requirements for properly commencing an action.

IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice to the filing of a new petition in a new action accompanied by either the required $5.00 filing fee or a properly completed application to proceed *in forma pauperis*. The Court's dismissal without prejudice does not signify that a new petition would not be subject to dismissal as untimely, for lack or exhaustion, and/or on any other basis.

IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be debatable or wrong, given the absence of any collateral prejudice from the dismissal.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: May 11, 2012

ROBERT C. JONES
Chief United States District Judge

---

[1](...continued)
Petitioner attaches with the petition copies of decisions from the *prior* state court proceedings that concluded on or before October 6, 2010.

It thus would appear that a dismissal of this matter without prejudice would not materially affect a later analysis of the timeliness issue or other issues in regard to any promptly filed new action. Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action. The Court expresses no opinion as to petitioner's contentions with regard to alleged inordinate delay in the state courts. The present dismissal does not alter the analysis of any such issue in a later action if raised therein.